IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

       v.                                                    21-CR-00194-JLS

MICHAEL MESKO,

                  Defendant.
_____


**GOVERNMENT'S SENTENCING MEMORANDUM AND
STATEMENT WITH RESPECT TO SENTENCING FACTORS**

      THE UNITED STATES OF AMERICA, by and through its attorneys, Trini E. Ross, United States Attorney for the Western District of New York, and Assistant United States Attorney, Paul E. Bonanno, files this Sentencing Memorandum and Statement With Respect To Sentencing Factors.

**PRELIMINARY STATEMENT**

      On December 16, 2021, the defendant, MICHAEL MESKO, appeared before this Court and pleaded guilty to a single-count Information which charged a violation of Title 18, United States Code, Section 2422(b) (enticement of a minor).

      As set forth in the plea agreement, the government and defendant calculated a Sentencing Guideline offense level of forty (40) after all adjustments were applied. Thus, with a criminal history category of I, the resulting sentencing guideline range of imprisonment

anticipated by the plea agreement was 292 to 365 months, a fine range of $50,000 to $250,000, and a period of supervised release of 5 years to life.

## STATEMENT WITH RESPECT TO SENTENCING FACTORS

The government has no objection to the findings of the Presentence Investigation Report ("PSR") (Doc. 30) with respect to sentencing factors in this action except as to the application of USSG § 3C1.2. The plea agreement differs from the Guidelines calculation in the PSR in that the plea agreement did not apply USSG § 3C1.2 and as a result the total offense level in the plea agreement was 2 levels lower than in the PSR. Nonetheless, pursuant to United States v. Lawlor, 168 F.3d 633 (2d Cir. 1999), the government is bound to advocate for the calculation that is set forth in the plea agreement.

## STATEMENT OF FACTS

The government concurs with and relies on the detailed statement of facts set forth in the Presentence Investigation Report at paragraphs 16 through 35.

## APPLICABLE LAW

Title 18, United States Code, Section 3553(a) requires the Court to impose a sentence "sufficient, but not greater than necessary" to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with correctional treatment in the most effective manner. 18 U.S.C. § 3553(a)(2).

In determining an appropriate sentence, the Court must first correctly calculate the applicable Guidelines range. *See Gall v. United States*, 552 U.S. 38, 49 (2007). "As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." *Id.* While the Guidelines are advisory, an error in determining the applicable Guidelines range could render a sentence unreasonable on appellate review. *See United States v. Selioutsky*, 409 F.3d 114, 118 (2d Cir. 2005).

After providing the parties an opportunity to argue for a sentence they deem appropriate, the Court must "consider all the § 3553(a) factors to determine whether they support the sentence requested by a party." *Gall*, 552 U.S. at 49-50. In determining whether the § 3553(a) factors support the requested sentence, the Court "must make an individualized assessment based on the facts presented." *Id.* at 50. To that end, "[n]o limitation shall be placed on the information concerning the background, character and conduct of a person convicted of an offense which a court . . . may receive and consider for the purpose of imposing an appropriate sentence." 18 U.S.C. § 3661.

Finally, after determining the sentence, the Court must "adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." *Gall*, 552 U.S. at 50. "The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decision making authority." *Rita v. United States*, 551 U.S. 338, 356 (2007).

## DISCUSSION

The government recommends that the Court sentence the defendant at the high end of the Guidelines range contemplated by the Plea Agreement for the following reasons.

First, as a 50-year-old husband and father, the defendant exploited a learning disabled 17-year-old girl for his own sexual gratification. The defendant began exchanging text messages with the victim on October 8, 2020, and learned that same day that she was only 17. PSR at 8. Almost immediately after learning the victim's age, he proposed that they "hook up" and asked her to send him sexually explicit pictures of herself. *Id.* at 8-9. Defendant also learned that the victim was taking various medications related to her mental health and knew that she suffered from learning disabilities. *Id.* at 9, 11-12. Nonetheless, the defendant continued to send the victim sexually graphic messages and request sexual pictures from her. Only a week later, on October 15, 2020, the defendant persuaded the victim to meet him at a location near her house in order to have sexual intercourse. *Id.* at 10. The defendant had sexual intercourse with the victim that day and a number of other times through January 9, 2021. Plea Agreement (Doc. 25) ¶ 7(e).

Second, after the defendant's conduct came to light and he was charged in Niagara County with Rape in the Second Degree and Criminal Sexual Act in the Second Degree on February 5, 2021, he continued to try to contact the victim in violation of an order of protection that the Niagara County Court had issued at his arraignment on the rape and criminal sexual act charges. The defendant mailed a letter to the victim and even went so far as to knock on the door of her house at 8:00 in the evening on February 10, 2021. As a result,

the defendant was charged in Niagara County with two counts of Criminal Contempt in the Second Degree.

Finally, on or about February 15, 2021, the defendant persuaded the victim to leave her parents' house and he fled with her to Pennsylvania. An Amber Alert was issued in the early morning of February 16, 2021. Later that morning, Pennsylvania State Police observed the defendant and the victim in the defendant's vehicle off Pennsylvania State Route 8. PSR at 27. When State Police approached the vehicle, they saw the defendant and victim ingesting pills. *Id.* The defendant refused to comply with the officers' commands and instead fled at a high rate of speed onto I-80 West. *Id.* A pursuit intervention maneuver had to be employed to stop the defendant's vehicle, causing damage to the Trooper's vehicle and spinning the defendant's vehicle into the divider. *Id.* Only then did the defendant comply. *Id.* After being taken into custody, he told the police that he had planned to overdose with the victim. *Id.* at 12.

In short, the defendant took advantage of a 17-year-old learning-disabled girl for his sexual gratification, and when it appeared that authorities were going to intervene to end the relationship, the defendant absconded with her and put her life in imminent danger.

**CONCLUSION**

Based on the above facts, and given the need for the sentence imposed to reflect the seriousness of the offense, provide just punishment, and afford adequate deterrence, a sentence of imprisonment at the high end of the Guidelines range contemplated by the Plea Agreement would be sufficient but not greater than necessary to achieve the purposes of 18 U.S.C. § 3553.

DATED:  Buffalo, New York, April 2, 2022.

TRINI E. ROSS
United States Attorney

BY:  s/ PAUL E. BONANNO
Assistant United States Attorney
United States Attorney's Office
Western District of New York
138 Delaware Avenue
Buffalo, New York 14202
(716) 843-5873
Paul.Bonanno@usdoj.gov